IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICO GONZALEZ, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:24-CV-2220-G-BK |
| | § | |
| C. HARRISON, FCI MEMPHIS, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Frederico Gonzalez's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

Gonzalez, a federal inmate at the Federal Correctional Institution in Memphis, Tennessee, alleges he was mistakenly placed on the "public safety factor of phone abuse." Doc. 3 at 6. He requests that the court issue a declaratory judgment to remove the "public safety factor." *Id.*

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001)

---

[1] *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases (providing for summary dismissal of a habeas petition) and Rule 1(b) (applying the Section 2254 Rules to habeas petitions not covered by § 2254).

Plaintiff did not pay the filing fee or move to proceed *in forma pauperis*. Because jurisdiction is lacking, the Court need not require compliance with the Court's filing requirements.

(the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). This Court lacks both. Gonzalez is incarcerated at FCI Memphis in the Western District of Tennessee and recently filed the same habeas corpus petition there. *See Gonzalez v. Harrison*, No. 2:24-cv-2608 (W.D. Tenn. Filed Aug. 23, 2024) (pending screening).[2]

For these reasons, Gonzalez's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 19, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[2] On August 26, 2024, Gonzalez also filed a similar *Request for Declaratory Relief* in his criminal case. *United States v. Gonzalez*, No. 3:03-CR-329-G-13 (N.D. Tex.), Crim. Doc. 897.